IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-726-BO-RN

| | |
|---|---|
| REKETTA L. MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ACQUISITION EXPERTS, LLC, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the motion is ripe for disposition. Also pending and ripe for disposition is plaintiff's motion to amend her opposition to the motion to dismiss. For the reasons that follow, plaintiff's motion to amend is denied and defendant's motion to dismiss is granted.

BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendant on May 1, 2025, alleging claims of employment discrimination, specifically bringing claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112, *et seq.* [DE 1]. Plaintiff alleges that defendant discriminated against her by terminating her employment, failing to promote her, failing to accommodate her disability, by retaliating against her, and for applying unequal terms and conditions to her employment. Plaintiff alleges that defendant engaged in these discriminatory actions on the basis of her race, sex, and disability. Plaintiff also alleges that she was subjected to

a hostile work environment due to bullying, harassing and verbally abusive phone calls, micromanagement, communication conflicts, and lack of integrity by her supervisor or manager.

Plaintiff alleges that she is a disabled, retired U.S. Air Force veteran with 100% service-connected disabilities. On August 4, 2023, plaintiff was hired by defendant as a contract specialist to provide contract support and administration at the Marine Corps Installation Command – East (MCI East) at Camp Lejeune. Plaintiff was also asked by defendant to temporarily serve as acting project manager. Plaintiff began work on September 18, 2023. On her first day of work, plaintiff notified the Contracting Officer Representative (COR) that she had medical appointments at the VA previously scheduled that she would need to attend and the COR told her that should not be a problem. The COR then requested that an email approval of plaintiff's request be sent by Steven Williams, defendant's managing member. Plaintiff alleges that from September 14 through October 5, 2023, Williams avoided or ignored plaintiff's persistent requests for reasonable accommodation by refusing to communicate with her or provide clarification. Plaintiff sought flexible start times and the option to work from home when her symptoms were severe.

On September 29, 2023, Williams approved plaintiff for sixteen hours of paid time off bonus to accommodate her scheduled appointments, but told plaintiff she was otherwise required to work from 7:30 a.m. to 4:30 p.m. each day, Monday through Friday. Plaintiff had understood that she would be able to determine her own work hours, including following an alternate work schedule, but her request for a flexible schedule to accommodate her VA appointments was denied.

On October 5, 2023, plaintiff received a letter of reprimand and demotion. She alleges she was subjected to rude and disrespectful behavior by Williams and that the work environment was hostile. On October 9, 2023, plaintiff submitted her resignation. She alleges she felt she had no

2

Case 7:25-cv-00726-BO-RN    Document 25    Filed 01/13/26    Page 2 of 10

other choice but to resign. On March 4, 2024, plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission (EEOC).

## DISCUSSION

1. *Plaintiff's motion for leave to amend her opposition to the motion to dismiss*

The Court considers first plaintiff's motion for leave to amend her response in opposition to the motion to dismiss. Plaintiff argues that since she filed her memorandum in opposition to the motion to dismiss she has identified formatting and structural issues that impacted clarity, exceeded word and page limits, and did not fully reflect her revised argument. Defendant opposes plaintiff's motion for leave.

Plaintiff's motion is denied. Plaintiff first filed a timely memorandum in opposition to the motion to dismiss. [DE 19]. Without seeking leave to do so, plaintiff then submitted a second memorandum in opposition to the motion to dismiss. [DE 20]. Plaintiff then filed the instant motion, seeking leave to file a third memorandum in opposition.

As identified by defendant, plaintiff has included numerous fictitious or fake case citations in both of her filed memorandums in opposition as well as in her proposed third memorandum in opposition. *See* [DE 22]. Plaintiff contends that she did not knowingly cite to any fictitious or fake legal authorities and relied on digital research tools to assist her. [DE 24]. However, plaintiff's *pro se* status does not excuse her from complying with the Federal Rules of Civil Procedure, including Rule 11. *See In re Weiss*, 111 F.3d 1159, 1170 (4th Cir. 1997); *Chilove Chery Saimplice v. Ocwen Loan Servicing, Inc.*, 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019).

Plaintiff's motion fails to establish good cause for granting leave to amend her response in opposition to the motion to dismiss. The motion is therefore denied. The Court will consider only plaintiff's first response to the motion to dismiss. [DE 19].

3

II. *Motion to dismiss*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Before filing suit in federal court under Title VII or the ADA, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC, and "the scope of the plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, LTD.*, 551 F.3d 297, 300 (4th Cir. 2009) (abrogated on other grounds by *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541 (2019)); *see also Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022); *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (ADA incorporates Title VII's enforcement procedures, including requirement that plaintiff exhaust administrative remedies by filing charge with EEOC).

> In determining whether she exhausted her claims, we give [plaintiff] credit for charges stated in her administrative charging document, as well as "charges that would naturally have arisen from an investigation thereof." But when the claims in her court complaint are broader than "the allegation of a discrete act or acts in [the] administrative charge," they are procedurally barred.

*Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019).

Here, plaintiff identified her race and disability as bases for discrimination in her EEOC charge. [DE 1-3].[1] Plaintiff's narrative description of the grounds for her charge do not include any reference to her sex. Plaintiff's Title VII sex discrimination claims are non-exhausted and thus procedurally barred.

So too are plaintiff's retaliation claims and her failure to promote claim under both Title VII and the ADA. Plaintiff makes no mention of retaliation as a form of discrimination, and she did not mention retaliation in her narrative statement. *See Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 384 (4th Cir. 2022). Nor does plaintiff identify any promotion for which she applied or any opportunity for which she was not selected. Plaintiff's narrative discussion in her charge discusses her alleged demotion, but demotion is distinct from failure to promote. *See Walton*, 33 F.4th at 173. Although defendant argues that plaintiff has failed to exhaust her hostile work environment claim, plaintiff does mention being subjected to a hostile work environment in her EEOC narrative statement and identifies the person she alleges engaged in hostile conduct, and the Court will thus consider this claim exhausted under these circumstances. *See Bonds v. Leavitt*, 629 F.3d 369, 379 (4th Cir. 2011) (noting that because EEOC charges are typically not drafted by attorneys, courts should construe them liberally).

This leaves plaintiff's claims for wrongful termination, disparate treatment, and hostile work environment under Title VII and the ADA and her ADA failure to accommodate claim. While a plaintiff does not need prove a prima facie case of a discrimination claim to survive a motion to dismiss, she must nonetheless "allege facts to satisfy the elements of a cause of action created by [the] statute[.]" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*,

---

[1] The Court may consider plaintiff's EEOC charge and other documents she attached to her complaint without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

5

780 F.3d 582, 585 (4th Cir. 2015); *see also Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018). Additionally, "reference to the elements of [her] claim[s] is helpful to gauge the sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

As to each plaintiff's ADA claims, plaintiff has failed to plausibly allege that she is a qualified individual with a disability. Plaintiff alleges that she is a retired disabled veteran and that she experienced anxiety and uncertainty, migraines, grief and sadness, as well as stress due to Williams' lack of communication, which triggered plaintiff's Post Traumatic Stress Disorder (PTSD). *See* [DE 1] at 5-8. The ADA prohibits discrimination against qualified individuals with a disability, and it defines a disability as a "physical or mental impairment that substantially limits one or more major life activities", "record of such impairment", or "being regarded as having such impairment." 42 U.S.C. § 12102(1)(A). "To survive a Motion to Dismiss, the plaintiff must explain how the alleged disability meets one of these criteria; merely parroting the statutory language does not suffice." *Richardson v. Md. Transit Admin.*, Civil Action No. RDB-18-0884, 2019 U.S. Dist. LEXIS 32754, at *21-22 (D. Md. Mar. 1, 2019).

Plaintiff's allegations fall short of the plausibility standard. Alleging that she is a disabled veteran is conclusory, and while plaintiff has alleged that she suffers from PTSD, she has included no factual enhancement which would show that such diagnosis substantially limits a major life activity. *See Coon v. Rex Hosp., Inc.*, No. 5:20-CV-00652-M, 2021 WL 3620282, at *8 (E.D.N.C. Aug. 16, 2021). Nor do plaintiff's allegations plausibly support that her anxiety, migraines, or any other condition imposes a substantial limitation on a major life activity, such as work. *See Patterson v. McDonald*, 220 F. Supp. 3d 634, 638 (M.D.N.C. 2016). Plausibly alleging that she is a qualified individual with a disability is necessary for each of plaintiff's ADA claims. *See*

6

*Richardson*, 2019 U.S. Dist. LEXIS 32754, at *21 (D. Md. Mar. 1, 2019) (failure to accommodate, disparate treatment, and hostile work environment claims under ADA dismissed where plaintiff failed to plausibly allege she was a qualified individual with a disability).

Plaintiff's Title VII claims are also properly dismissed. The elements of a disparate treatment claim under Title VII are membership in a protected class,[2] adverse employment action, at the time of the adverse employment action the plaintiff was performing her job in a way that met the employer's legitimate expectations, and that plaintiff was treated differently from similarly situated employees outside her protected class. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019). A Title VII wrongful termination claim requires a plaintiff to show the first three elements of a disparate treatment claim, but as the fourth element the plaintiff must show that the position from which she was terminated remained open or was filled by a similarly qualified person outside of plaintiff's protected class. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007); *see also Scott v. Health Net Fed. Servs., LLC*, 463 F. App'x 206, 208 (4th Cir. 2012) (per curiam) (noting distinction between fourth element of wrongful termination and disparate treatment claim).

Plaintiff has failed to plausibly allege that she suffered an adverse employment action. Adverse employment actions for purposes of Title VII discrimination claims include those which harm the plaintiff's terms and conditions of employment, such as termination, demotion with decrease in pay or benefits, or transfer. *See Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 355 (2024). Plaintiff alleges that she received a letter of reprimand, but has not alleged that the reprimand harmed the terms and conditions of her employment. *See Batchelor v. City of Wilson*, 747 F. Supp. 3d 845, 860 (E.D.N.C. 2024). To the extent plaintiff relies on the removal of her

---

[2] Plaintiff's complaint does not identify her race, but in her EEOC narrative statement she states that she is a "disabled black individual". [DE 1-3] at 1.

7

additional assignment as project manager, her allegations support that the project manager duties were temporary, she alleges that she was not paid more for taking on the project manager duties (and thus has not alleged she suffered a loss in pay when these duties were removed), and she has not alleged that the removal of project manager duties otherwise harmed the terms or conditions of her employment. Finally, the denial of plaintiff's request for a four-day work week does not amount to an adverse employment action. *See Crawford v. Prince George's Cnty. Bd. of Educ.*, No. CV JKB-20-00048, 2023 WL 2600363, at *7 (D. Md. Mar. 21, 2023), *aff'd*, No. 23-1430, 2023 WL 6421010 (4th Cir. Oct. 2, 2023).

Plaintiff also alleges that she was constructively discharged, which is a form of adverse employment action. However, plaintiff has failed to plausibly allege that she was constructively discharged. "A claim for constructive discharge has two elements. First, a plaintiff must show that his working conditions became so intolerable that a reasonable person in the employee's position would have felt compelled to resign. Second, a plaintiff must actually resign because of those conditions." *Perkins*, 936 F.3d at 211–12 (internal quotations and citations omitted). The severity or pervasiveness of the harassment needed to support a constructive discharge claim is greater than that which is required to prove a hostile work environment claim. *Id.* at 212. Perceived unfairness, unpleasant working conditions, and being dissatisfied with work assignments are all insufficient, without more, to support that a plaintiff was constructively discharged. *Id.*

Here, plaintiff has failed to plausibly allege constructive discharge because she has failed to plausibly allege a claim for hostile work environment. A hostile work environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal

8

quotations and citation omitted). In order to prove a claim for a hostile work environment in violation of Title VII, a plaintiff must ultimately be able to demonstrate that "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *see also Jessup v. Barnes Grp., Inc.*, 23 F.4th 360, 367 (4th Cir. 2022) (substantially similar elements for ADA hostile work environment claim).

Plaintiff's allegations concern rude and disrespectful behavior, feeling like she was on an emotional rollercoaster, and encountering condescending behavior. But rude treatment, even by a supervisor, does not support a hostile work environment claim. *Perkins*, 936 F.3d at 208. Plaintiff's allegations simply fail to plausibly allege any severe or pervasive harassment which could support a hostile work environment claim. Accordingly, plaintiff's hostile work environment claim is dismissed and she may not rely on constructive discharge as adverse employment action in support of her Title VII claims.

Finally, and importantly, plaintiff's complaint fails to plausibly allege that any of defendant's actions were taken because of her alleged disability or that her race was a motivating factor in any alleged adverse employment action. *See Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015); *Johnson v. Baltimore City, Maryland*, __ F. 4th __, No. 25-1124, 2026 WL 31776, at *4 (4th Cir. Jan. 6, 2026). While plaintiff has made reference to Caucasian coworkers, presumably as comparators, she has not included allegations which would plausibly support that any of her comparators earned more than she did for the same work or that they were otherwise similarly situated and received more favorable treatment.

9

Plaintiff's arguments in opposition to the motion to dismiss do not lead to a different result. In her opposition, plaintiff at times seeks to add factual support to her claims, but a plaintiff may not amend her complaint through her opposition to a motion to dismiss. *See Neal v. Sandhills Ctr.*, 737 F. Supp. 3d 291, 296 (M.D.N.C. 2024). Plaintiff further seeks to add claims, including a breach of contract and infliction of emotional distress claim, which, again, she may not do in opposition to a motion to dismiss. *Id.* Though plaintiff requests, in the alternative, that she be granted leave to amend her complaint, she has failed to file a motion for leave to amend her complaint and failed to file a proposed amended complaint for the Court to review. In the exercise of its discretion, and having considered plaintiff's opposition brief in full, the Court denies plaintiff's request due to her failure to comply with the rules. *See Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (failure to file separate motion to amend and proposed amended complaint grounds for denial of request to amend); Local Civil Rule 15.1.

Defendant's motion to dismiss is therefore granted in full, for the reasons outlined above and those raised in support of defendant's motion to dismiss.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for leave to amend [DE 21] is DENIED and defendant's motion to dismiss [DE 14] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety. The clerk is DIRECTED to close the case.

SO ORDERED, this __13__ day of January 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE